IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 07 CR 739 |
| v. | ) |
| | ) Judge Charles Norgle Jr. |
| MIGUEL CINTORA-FERREIRA | ) |
| | ) |

PLEA DECLARATION

FILED

FEB 11 2008
JUDGE CHARLES R. NORGLE
U.S. District Court Judge

The defendant, MIGUEL CINTORA-FERREIRA, after consultation with his attorney, PAUL FLYNN, acknowledges and states the following:

1. He has been charged by indictment with one count of illegally reentering the United States, in violation of Title 8, United States Code, Section 1326(a) and (b). and Title 6, United States Code, Section 202(4).

2. He has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

3. He fully understands the nature and elements of the crime with which he has been charged.

4. He will enter a voluntary plea of guilty to the indictment in this case.

1

Factual Basis

5. He will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, Mr. Cintora-Ferreira acknowledges that:

Mr. Cintora-Ferreira, an alien who previously had been deported and removed from the United States on March 11 of 2005 acknowledges that he was present and found in the United States on or about September 11 2007, without previously obtaining the express consent of the Attorney General of the United States for reapplication for admission into the United States, in violation of Title 8, United States Code, Sections 1326 (a) and (b), United States Code, Section 202(4).

More specifically, Mr. Cintora-Ferreira admits that he is a native and citizen of Mexico. Immigration records indicate that he first came to this country from Mexico as a nine month old child in 1983. On November 10, 2003, Mr. Cintora-Ferreira was convicted of unlawful possession of a controlled substance with intent to distribute and given 4 years imprisonment. That offense is considered an aggravated felony under immigration law, and on March 11, 2005, Mr. Cintora-Ferreira was deported.

Subsequently, Mr. Cintora-Ferreira reentered the United States. He did not seek or obtain the authorization of the attorney general before doing so.

Potential Penalties

6. Mr. Cintora-Ferreira understands that the charge to which he will plead guilty carries a maximum incarceration sentence of 20 years, and a maximum fine of $250,000. Mr. Cintora-Ferreira further understands that the charge carries a term of supervised release of not more than three years.

7. Mr. Cintora-Ferreira understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, he will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed.

Guidelines Calculations

8. For the purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, it is Mr. Cintora-Ferreira's understanding that the following provisions may apply:

(a) Pursuant to Guideline §2L1.2(a), the base offense level for unlawfully entering the United States is level 8.

(b) Pursuant to Guideline §2L1.2(b)(1)(A), 16 levels may be added if this court determines that Mr. Cintora-Ferreira was previously deported after a criminal conviction for an aggravated felony.

(c) Mr. Cintora-Ferreira admits his guilt, is extremely remorseful for his crime, and accepts full responsibility for his actions. He understands that a 2 level reduction for acceptance of responsibility under §3E1.1 may apply, if this Court finds that he has in fact accepted responsibility for his actions.

(d) Furthermore, Mr. Cintora-Ferreira informed the Court and the government that he intended to plead in a timely manner, and has plead guilty in a timely manner, thus permitting the government to avoid preparing for trial. Although Mr. Cintora-Ferreira recognizes that the third point is conditional on a government motion, Mr. Cintora-Ferreira has never suggested that this case would be anything but a plea. Barring some extraordinary occurrence, an additional 1 level

reduction is appropriate pursuant to §3E1.1(b).

(e) Mr. Cintora-Ferreira reserves the right to request a downward departure on any grounds he deems appropriate. He also understands that the Court may or may not decide to grant any particular requested departure. Specifically contemplated are departures to account for the following:

(1) Mr. Cintora-Ferreira is being charged with being found here on September 11, 2007. To the extent that Mr. Cintora-Ferreira is given any criminal history points under USSG §4A1.1(d) or (e) for being found in the United States while he was serving a sentence for his November 10, 2003 conviction for possession of a controlled substance with intent to deliver, a corresponding downward departure pursuant to §4A1.3 may be appropriate. With a continuing offense such as returning and being found, it substantially overrepresents Mr. Cintora-Ferreira's criminality to increase his sentence based on dates of proximity to sentencing dates which trigger enhancements. In essence the government can choose any date and charge it as the date he was present or found in the United States. A charging date selected at the government's discretionary choosing does not change Mr. Cintora-Ferreira' true criminal history or likelihood of his committing other crimes.

(2) A departure may further be appropriate to account for some of the time that Mr. Cintora-Ferreira served in state custody. Mr. Cintora-Ferreira entered official detention when he was arrested for aggravated discharge and did nothing to conceal his identity or his alienage. Furthermore, at least one INS detainer may have been placed on Mr. Cintora-Ferreira while he was in state custody. A departure pursuant to §5K2.0 may be appropriate to compensate for the government's discretionary choice to delay prosecution until the completion of Mr. Cintora-Ferreira' state sentence.

Preliminary Nature of Calculations

9. Mr. Cintora-Ferreira and his attorney acknowledge that the above calculations are preliminary in nature and based on facts known to defendant at the time of this Plea Declaration. Mr. Cintora-Ferreira understands that the probation office and the government will conduct their own investigations and that the Court ultimately determines the facts and law relevant to

4

sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

10. Errors in calculations or interpretation of any of the guidelines may be corrected or amended by the defendant prior to sentencing. He may correct these errors or misinterpretations by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application.

Trial Rights and Appellate Rights

11. Mr. Cintora-Ferreira understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by the judge without a jury, the judge would find the facts and

determine, after hearing all the evidence, and considering each count separately, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

12. Mr. Cintora-Ferreira understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty Mr. Cintora-Ferreira admits he is guilty and agrees that he should be found guilty. Mr. Cintora-Ferreira's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Cintora-Ferreira further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

Limitations and Consequences of this Plea Declaration

13. Mr. Cintora-Ferreira understands that the United States Attorney's Office will fully apprize the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Cintora-Ferreira further understands that he will be able to present evidence in mitigation at the time of sentencing.

14. Mr. Cintora-Ferreira understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are appropriate.

15. Should the judge refuse to accept Mr. Cintora-Ferreira's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept Mr. Cintora-Ferreira's plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Rule of Criminal Procedure 11(e)(6)(A), (C), and (D).

16. Mr. Cintora-Ferreira agrees that this Plea Declaration shall be filed and become part of the record of the case.

17. Mr. Cintora-Ferreira and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Cintora-Ferreira further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this \_\_\_11TH\_\_\_ day of February 2008

_____
MiguelCintora-Ferreira
Defendant

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy,
Executive Director

By: _____
Paul Flynn
Attorney for Defendant

PAUL FLYNN
FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8343